IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEBORAH L. BLOCK and JEFFERY D. BLOCK, *Plaintiffs*, v. OCONEE REGIONAL MEDICAL CENTER, INC., *et al.*, *Defendants*. | CIVIL ACTION NO. 5:17-cv-00470-TES |

**ORDER REFERRING CASE TO BANKRUPTCY COURT**

Before the Court for consideration is the Amended Motion to Refer Case to Bankruptcy Court ("Motion") [Doc. 32] filed by Defendants Navicent Health, Inc.; Navicent Health Oconee, LLC; and Oconee Regional Healthcare Foundation, Inc. ("Defendants"). Defendants contend that the above-captioned case should be referred, in its entirety, to the Bankruptcy Court for the Middle District of Georgia ("Bankruptcy Court") because "it is a case arising under Title 11 of the United States Code or arising in or related to a case under Title 11 of the United States Code." [Doc. 32, at 2]. Having considered the Motion [Doc. 32], Plaintiffs' Response [Doc. 41], Defendants' Reply [Doc. 45], and the applicable law, the Court makes the following determination:

Oconee Regional Medical Center, Inc.; Oconee Regional Health Systems, Inc.; Oconee Regional Health Ventures, Inc.; Oconee Internal Medicine, LLC; Oconee

Orthopedics, LLC; Oconee Regional Health Services, Inc.; Oconee Regional Emergency Medical Services, Inc.; ORHV Sandersville Family Practice, LLC; and Oconee Regional Senior Living, Inc. ("Defendant Debtors") are debtors in bankruptcy in Bankruptcy Case Number 17-51005, currently pending in the Bankruptcy Court. Pursuant to 11 U.S.C. § 363 and via the Bankruptcy Court's Sale Order [Doc. 32-1], Navicent Health Oconee, LLC ("Purchaser") acquired substantially all of the Defendant Debtors' assets in the pending bankruptcy case free and clear of all liens, claims, and encumbrances.

In this case, Plaintiffs assert claims against Purchaser seeking a declaration, among other things, that Purchaser is obligated "to make [Continuation Omnibus Budget Reconciliation Act ("COBRA")] continuation coverage available to Plaintiffs . . ." [Doc. 1, at 31; ¶ 166].

The Bankruptcy Court's Sale Order [Doc. 32-1] provides, "[a]ll persons having Liens of any kind or nature whatsoever . . . are and shall be . . . permanently enjoined from pursuing, asserting, enforcing, or exercising such Liens . . ." [Doc. 32-1, at 13]. Purchaser contends that the Bankruptcy Court granted the injunction pursuant to its authority under § 363 of the Bankruptcy Code, the injunction relates to a bankruptcy case, and any potential counterclaims as a result of this civil action arise from interpretations of the Sale Order [Doc. 32-1]. Therefore, according to Defendants, Plaintiffs' case clearly arises under the Bankruptcy Code and relates to a bankruptcy case.

As the Eleventh Circuit has indicated:

> District courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In order to determine whether a matter is "related to" a bankruptcy case, we ask "whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *In re Lemco Gypsum*, 910 F.2d at 788 (quoting *Pacor, Inc. v. Higgins* (*In re Pacor, Inc.*), 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995)). A matter that is "related to" a bankruptcy case "need not necessarily be against the debtor or against the debtor's property." *Id*. (quoting *Pacor*, 743 F.2d at 994). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*. (quoting *Pacor*, 743 F.2d at 994).

*In re Brickell*, 142 F. App'x 385, 388-89 (11th Cir. 2005).

This civil action "could conceivably have an effect on the estate being administered in bankruptcy." *Id.* Specifically, if Plaintiffs prevail on their claims and the Purchaser is ultimately forced to provide COBRA continuation coverage to Plaintiffs (and conceivably others similarly situated), less money could be available for distribution to the creditors involved in the bankruptcy case. Hence, the relief sought in this proceeding is clearly "related to" the bankruptcy case, and the district court has jurisdiction over them. The narrow question at issue is whether COBRA coverage is a lien within the meaning of the Sale Order [Doc. 32-1]. As Defendants point out, "[a] bankruptcy court plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009).

As shown above, this Court clearly has jurisdiction over these claims. Accordingly, the Court may refer this action because "[e]ach district court may provide

3

that any or all . . . proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a); *see also* 2012-01 Order of Reference (Title 11 Bankruptcy Referrals).

Having found that this civil action relates to a case arising under title 11, the Court **REFERS** this case, in its entirety, to the Bankruptcy Court for the Middle District of Georgia. In light the foregoing referral, Defendants Navicent Health, Inc. and Navicent Health Oconee, LLC's Amended Motion to Dismiss [Doc. 31] and Defendant Oconee Regional Healthcare Foundation, Inc.'s Motion to Dismiss [Doc. 27] are **TERMINATED as moot**.

**SO ORDERED**, this 2nd day of May, 2018.

<u>**S/ Tilman E. Self, III**</u>
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT